IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                                                                                                No. 96-cr-0072-JCH

THOMAS MARTIN

    Defendant.

**MEMORANDUM OPINION AND ORDER**

In *Defendant's Motion for Compassionate Release* (ECF No. 279) and *Defendant's Supplemental Motion for Compassionate Release* (ECF No. 289) Defendant Thomas Martin asks that the Court grant him immediate release in a manner that is more medically appropriate than that proposed by the Bureau of Prisons (the "BOP"). The Government filed a response opposing this motion (ECF No. 291) and Mr. Martin replied (ECF No. 292). Because Mr. Martin has not shown that extraordinary and compelling reasons warrant a sentence reduction, the Court will deny his motion.

**I.    Background**

    **A.    Sentencing**

On July 28, 1997, this Court sentenced Mr. Martin to 188 months of imprisonment for his role in a series of robberies, in violation of 18 U.S.C. § 1951(a). *See* J. in a Criminal Case 1, ECF No. 171. But by the time this sentence was imposed, Mr. Martin had incurred additional sentencing obligations in this Court and in Idaho. *See* Def.'s Suppl. Mot. for Compassionate Release 2, ECF No. 289 (hereinafter "ECF No. 289"); Gov. Resp. 1, ECF No. 291 (hereinafter "ECF No. 291"). This Court ordered the 188-month sentence to run consecutively to the aggregate term he was

already serving. *See* ECF No. 289 at 3; ECF No. 291 at 2. An amended judgment was entered on July 14, 1998, following Mr. Martin's notice of appeal and Rule 35 motion, but the 188-month sentence ultimately remained in place. *See* Am. J. in a Criminal Case 2, ECF No. 270. Mr. Martin has about one month left in his total sentence that amounted to approximately 30 years; the BOP calculates that Mr. Martin will be released on June 22, 2024. *See* ECF No. 289 at 1; ECF No. 291 at 2.

      B.      **Motion**

Mr. Martin contends that his extraordinary medical circumstances and the fact that he has served the majority of his sentence justify his immediate release. *See* ECF No. 289 at 6-7. He also argues that he should be permitted to be released by aviation to return to New Mexico instead of by bus. *See id.* The bus would take about 30 hours to transport him from his current location in Indiana to New Mexico. *See id.* at 7. Mr. Martin worries that he would not be able to adequately address his medical needs on this long bus ride which could aggravate his medical conditions, specifically his "agonizing rectal bleeding." *See id.* Mr. Martin is unaware as to whether there is a process to appeal the BOP's choice of transportation but asks the Court to use its equitable authority to allow him to be transported by aviation. *See* Def.'s Reply 5, ECF No. 292 (hereinafter "ECF No. 292").

In response to Mr. Martin's request for release by aviation, the Government argues that the BOP has already approved Mr. Martin's release plan, which involves him residing with family in Santa Fe after being transported to Albuquerque by bus. *See* ECF No. 291 at 9-10. It contends that the BOP is best positioned to assess Mr. Martin's medical needs with respect to the question of transportation. *See id.* at 10. The Government also questions whether this Court even has jurisdiction to compel the BOP to amend Mr. Martin's release plan. *See id.* Further, it notes that

Mr. Martin's most recent medical report from April 2, 2024, classifies his chronic conditions as stable. *See* ECF No. 291-2 at 5.

Regarding his medical circumstances, Mr. Martin contends that he is not receiving proper testing of his gastric tumors which may be cancerous. *See* ECF No. 289 at 7. He has a history of colon cancer in his family through his father but has not received the follow-up biopsy, esophagogastroduodenoscopy ("EGD"), or colonoscopy that he asserts his doctors recommended in March 2023. *Id.* While his release date is very soon, Mr. Martin argues that he needs to start medical testing as soon as possible to determine his treatment plan. He contends that the BOP has been negligent, at best, in providing these services. *Id.* at 7-8.

Mr. Martin's additional current medical conditions include ulcerative colitis, abdominal hernia, gastric ulcer, cirrhosis of the liver, chronic Hepatitis C, gastritis, pancolitis, esophageal varices, abdominal hernia, and obesity. *Id.* at 2. Mr. Martin asks that the Court grant his immediate release and allow him to be released by aviation because he has served most of his sentence and because of his many medical conditions. *Id.* at 1. Additionally, Mr. Martin notes that he has maintained sobriety for the entirety of his sentence, is over 60 years old which lowers his risk of recidivism, and has kept close relationships with his family while incarcerated. *Id.* at 10-12.

In response, the Government argues that Mr. Martin's medical circumstances are not extraordinary and compelling. In particular, it points to medical records from a medical exam that Mr. Martin underwent on April 2, 2024. *See generally* ECF No. 291-2. Medical records from this exam describe his chronic care conditions as "stable at the baseline." *Id.* at 5. The records also state that his medications were refilled, appropriate labs were ordered, and appropriate follow-up scheduling was completed. *Id.* at 5-6. The Government also points to a note made by Mr. Martin's physician calling him a "poor historian," which, the Government argues, might call into question

3

some representations that Mr. Martin made to defense counsel in connection with his motion. *Id.* at 1.

Additionally, the Government pushes back against Mr. Martin's claim that he has maintained sobriety throughout his sentence, pointing to several disciplinary reports for possessing drugs and alcohol. *See generally* ECF No. 291-3. Mr. Martin also incurred several other infractions for fighting, refusing to obey an order, possession of a dangerous weapon, and escape. *See id.*

## II.     Exhaustion of Administrative Remedies

A defendant may move to modify a term of imprisonment with a district court only after "the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf *or* the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A) (emphasis added). The burden to prove exhaustion belongs to the defendant. *See United States v. Hemmelgarn*, 15 F.4th 1027, 1029 (10th Cir. 2021) ("[The defendant] has failed to provide proof that he exhausted his administrative rights as is required under § 3582(c)(1)(A)."); *United States v. Patton*, No. 16-cr-40113, 2022 WL 2134197, at *2 (D. Kan. June 14, 2022).

But Section 3582(c)(1)(A)'s exhaustion requirement is not a jurisdictional rule. *See Hemmelgarn*, 15 F.4th at 1030-31. Rather, the requirement is a mandatory claim-processing rule. *See id.* As a result, the government can waive or forfeit an exhaustion challenge to a motion for compassionate release. *See id.* And here, the Government concedes exhaustion: "Defendant previously reported he had not received a response from the warden of his facility as of his July 2023 motion. As such, it appears to the United States that Defendant has exhausted his administrative remedies." ECF No. 291 at 6 (citation omitted). The Court thus proceeds to the merits.

### III.  Consideration of Merits

*United States v. McGee* detailed a three-step test for analyzing whether to grant compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). *See* 992 F.3d 1035, 1042-43 (10th Cir. 2021). A court may grant a defendant's motion only if the court finds that: (1) extraordinary and compelling reasons warrant a sentence reduction; (2) the sentence reduction reflects applicable policy statements issued by the Sentencing Commission; and (3) the reduction fits the district court's consideration of the 18 U.S.C. § 3553(a) factors. *Id.* A court may deny compassionate release motions when one of the three steps is lacking without addressing the others. *Id*. at 1043. The first *McGee* step—extraordinary and compelling reasons—decides this case.

Medical conditions rarely provide an extraordinary and compelling reason to warrant compassionate release. *See United States v. Willis*, 382 F. Supp. 3d 1185, 1188 (D.N.M. 2019). Prisoners typically only obtain relief after serving a significant term of incarceration. *Id.* It is clear to this Court that Mr. Martin suffers from several chronic ailments. However, it is not clear to this Court that Mr. Martin has been denied the appropriate treatment for those ailments, as he contends. Mr. Martin argues that he was denied recommended follow-up testing of gastric tumors that were found to be benign in earlier tests. *See* ECF No. 289 at 7. Specifically, he claims that given the fact that he has a history of colon cancer in his family, his medical providers recommended a follow-up colonoscopy, EGD, and additional biopsies a year after his March 2023 colonoscopy, EGD, and biopsy. *See id.*; *see also* ECF No. 292 at 2.

However, Mr. Martin's medical records appear to tell a different story. According to an administrative note from January 23, 2023, Mr. Martin's doctors ordered that he receive a routine, follow-up colonoscopy and EGD on April 23, 2024. *See* ECF No. 289-1 at 23. After Mr. Martin fell ill in March 2023, his doctors informed him that he would be referred to a gastroenterologist

5

("GI") for an urgent EGD and colonoscopy, according to an administrative note dated March 21, 2023. *See id.* at 18 ("Other" section states: "Educated/discussed with pt that he is referred out to GI for an endoscopy and colonoscopy"). About a week later, his providers produced an administrative note that contained an order for Mr. Martin to receive this EGD and colonoscopy, with a target date of April 10, 2023. *See id.* at 4. The order for this EGD and colonoscopy also appears to have cancelled the order for the routine colonoscopy and EGD scheduled for April 23, 2024. *See id.* at 5. Specifically, the request for the April 23, 2024, colonoscopy and EGD from the January 23, 2023, administrative note appears under the "Discontinued Consultation Requests" section of this March 29, 2023, administrative note. *See id.* An April 12, 2023, administrative note indicates that Mr. Martin underwent the urgent EGD and colonoscopy which detected moderate to severe pancolitis, ulcerative colitis, and a mass which was biopsied and found to be benign. ECF No. 289-2 at 34. That note ordered new medications and that Mr. Martin follow up with a GI. *See id.*

There are several other administrative notes throughout 2023 and into 2024, none of which appear to order another colonoscopy or EGD for Mr. Martin. One indicates that Mr. Martin was seen by a GI specifically for his ulcerative pancolitis on December 5, 2023. *See id.* at 12. And as noted previously, Mr. Martin's most recent appointment record from April 2, 2024, indicated that he was stable and did not specify any need for a follow-up colonoscopy, EGD, or biopsy. *See* ECF No. 291-2 at 5. Rather, it recommended another consultation with a GI. *Id.*

These records do not suggest that the BOP denied Mr. Martin the appropriate care. It is evident from the January 23, 2023, administrative note that Mr. Martin was ordered to have a routine colonoscopy and EGD in April 2024. *See* ECF No. 289-1 at 23. However, that order appears to have been cancelled after he underwent the urgent colonoscopy and EDG in April 2023.

6

*See id* at 5. Accordingly, it is not clear to this Court that the fact that Mr. Martin has not had a colonoscopy or EGD since April 2023 constitutes a denial of care by the BOP. Further, the facts that Mr. Martin has been seen by physicians several times since then (once by a GI), and was considered stable at his most recent visit, suggest that Mr. Martin's conditions have been monitored and may have even improved.

To be sure, Mr. Martin has served a significant term of incarceration while enduring difficult medical conditions. But his claim of inadequate medical treatment by the BOP is neither extraordinary nor compelling given its uncertain nature and the fact that his chronic conditions were last assessed as stable. This Court is also concerned by Mr. Martin's statement that he has maintained his sobriety while incarcerated, as it notes that he has had several disciplinary reports for possessing drugs and alcohol, among other infractions. Because Mr. Martin does not satisfy one of the three *McGee* steps, he is not entitled to compassionate release under 18 U.S.C. § 3582(c)(1)(A). *See United States v. McGee*, 992 F.3d 1035, 1043 (10th Cir. 2021).

Additionally, the Court is not convinced that it has jurisdiction to compel the BOP to provide Mr. Martin with transportation via aviation, and Mr. Martin has not provided the Court with any authority to support his position. Accordingly, the Court will not intervene with respect to this request.

IV. Conclusion

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that *Defendant's Motion for Compassionate Release* **(ECF No. 279)** and *Defendant's Supplemental Motion for Compassionate Release* **(ECF No. 289)** are **DENIED**.

_____
SENIOR UNITED STATES DISTRICT JUDGE